DE WITT HALLENBECK, Respondent, *v.* CHARLES F. KINDRED, Appellant.

.A deed from one N. to defendant of certain hotel property, contained a covenant on the part of the grantee to assume and perform all the conditions to be performed by N. in a contract between him and one A., by which A. assumed the management of the hotel, N. agreeing to pay all expenses; the profits, after paying expenses, to be divided. *Held,* that defendant's covenant was not a mere personal one to indemnify his grantor, but that an action was maintainable against him to recover for ·supplies furnished for the ho

(Argued March 5, 1888; decided March 20, 1888.)

APPEAL from judgment of the General Term of the Supreme ·Court, in the fifth judicial department, entered upon an order made the first Tuesday of January, 1886, which affirmed a judgment in favor of plaintiff entered upon the report of .a referee.

This action was brought to recover for goods and merchandise, and for money loaned, paid and expended.

The principal portion of the opinion is taken up with a dis·cussion of the facts, the court coming to the conclusion that they justified the findings of the referee, and his refusal to find as requested by defendant. Those findings were substantially as follows : During the season plaintiff's firm and various other parties, at the request of Nester, sold and delivered at the hotel .supplies therefor, and said Nester advanced to Allen moneys to pay the running expenses of the hotel, the accounts for which were assigned to plaintiff. In July, 1884, Nester sold and conveyed the hotel premises to defendant by deed containing this clause :

"This conveyance is made subject to a contract for the ·occupancy of said premises made by the said Samuel K. Nester

on the one part and John E. Allen, of Auburn, N. Y., of the other part. Reference being hereby made to said contract, and the said party of the second part to this conveyance does hereby assume said contract, and does hereby covenant and agree to fulfill and perform all of the conditions of said contract to be performed by said Nester, and at all times to indemnify said Nester against the same; and said party of the second part is to receive all the benefits of said contract which otherwise would have been received by said Nester."

After the discussion of the questions of fact the opinion concludes as follows:

" The only other question argued was whether or not the covenant contained in the deed was a mere personal one to indemnify the grantor, and which the plaintiff could not take the benefit of. That it was a contract such as the plaintiff could adopt and take the benefit of this court, in a series of decisions, has held, and the covenant does not come within any of the exceptions to the general rule laid down in such decisions. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Pardee* v. *Treat*, 82 id. 385; *Bowen* v. *Beck*, 94 id. 86; *Schley* v. *Fryer*, 100 id. 71.)

" The judgment should, therefore, be affirmed, with costs."

*Henry G. Danforth* for appellant.

*D. B. Backinstose* for respondent.

PECKHAM, J., reads for affirmance.
All concur, except DANFORTH, J., not voting.
Judgment affirmed.